**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| JOHN CLARK,<br>          Plaintiff<br><br>          v.<br><br>FLAGSHIP CREDIT ACCEPTANCE<br>LLC,<br>          Defendant | No. 25 CV 14465<br><br>Judge Jeremy C. Daniel |

**ORDER**

The defendant's motion to dismiss the complaint [9] is denied. The defendant shall answer the complaint on or before April 3, 2026. Scheduling conference set for April 23, 2026, at 10:00 a.m. The scheduling conference will be held via WebEx. The parties shall confer pursuant to Fed. R. Civ. P. 26(f) on or before April 2, 2026. The parties shall file their Rule 26(f)(2) report on or before April 16, 2026. The parties' report should also address the deadline to join other parties and to amend the pleadings. Each party shall make its Rule 16(a)(1) initial disclosures on or before April 16, 2026.

**STATEMENT**

This case is before the Court on Defendant Flagship Credit Acceptance LLC's ("Flagship") motion to dismiss Plaintiff John Clark's complaint. (R. 9.) Clark filed a complaint in Illinois state court, bringing one claim for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq*. Flagship removed the action under 28 U.S.C. §§ 1331, 1441, (R. 1), and then moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). (R. 9). Clark did not file a response; Flagship did not reply.[1]

The facts below are drawn from the complaint, (R. 1-1), and are accepted as true for the purpose of resolving Flagship's motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Flagship is an auto financing company, and Clark has an account with Flagship. (R. 1-1 ¶¶ 4, 10.)[2] Clark alleges that Flagship "furnished inaccurate information" such as his account balance, delinquency information, and dispute status to credit

---

[1] A court may not grant a motion to dismiss solely because a plaintiff fails to oppose the motion. *Marcure v. Lynn*, 992 F.3d 625, 631–33 (7th Cir. 2021). It is the movant, after all, who owns the burden to establish entitlement to relief. *Id.*

[2] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

reporting agencies ("CRA"). (*Id.* ¶ 11.) Around September 8, 2023, Clark disputed "the Flagship tradeline" with Experian and TransUnion, two CRAs. (*Id.* ¶ 13.) Clark alleges that the CRAs automatically transmitted to Flagship, or alternatively that Flagship failed to process the notice. (*Id.* ¶ 14.) While Flagship was obligated to investigate and correct inaccuracies in Clark's account, Flagship "failed to properly investigate and continued to furnish inaccurate information." (*Id.* ¶¶ 15–16, 20.) Clark verified this by checking his account in October 2023 and noting that it still contained inaccuracies and was not marked as disputed. (*Id.* ¶ 17.) Clark seeks actual damages for financial, emotional, and reputational loss, along with punitive damages. (*Id.* ¶¶ 18, 22.)

A motion under Rule 12(b)(6) tests the sufficiency of the plaintiff's claims, not the merits of his case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). A complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A plaintiff must set forth "adequate factual detail to lift his claims from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020) (citation omitted). Because Clark brings his complaint *pro se*, the Court construes it liberally. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Flagship first argues that Clark's complaint fails to sufficiently state a FCRA claim. (R. 9 at 4–5.) FCRA obligates furnishers of information to "conduct an investigation with respect to the disputed information." *Walton v. EOS CCA*, 885 F.3d 1024, 1028 (7th Cir. 2018) (quoting 15 U.S.C. § 1681s-2(b)). Whether that furnisher of information conducted a reasonable investigation is a factual inquiry. *Id.* Clark alleges that Flagship inaccurately furnished his information. (R. 1-1 ¶ 11.) After initiating a dispute with Experian and TransUnion, Clark alleges those CRAs transmitted the dispute to Flagship, and further that Flagship either received notice of the dispute or failed to properly process the notice. (*Id.* ¶¶ 13–14.) When he checked the following month, Clark's account showed the same inaccuracies and was not marked as disputed. (*Id.* ¶ 17.) Reading these allegations in his favor, Clark plausibly alleges that Flagship failed to conduct a reasonable investigation because otherwise, the inaccuracies might not have remained, and his account might have been marked as disputed. *See, e.g.*, *Hukic v. Aurora Loan Servs.*, Inc., No. 05 C 4950, 2006 WL 1457787, at *5 (N.D. Ill. May 22, 2006), *aff'd sub nom. Hukic v. Aurora Loan Servs.*, 588 F.3d 420 (7th Cir. 2009). While the defendants argue that the complaint is factually lacking, a plaintiff need not plead "[d]etailed factual allegations"—he needs only enough factual content to raise his claim into the realm of plausibility. *Iqbal*, 556 U.S. at 678. Construing Clark's complaint liberally and reading the allegations in a light most favorable to him, he has done so. Accordingly, the Court denies Flagship's motion.

2

Flagship next argues that the Court should dismiss the complaint because Clark pleads himself out of court. (R. 9 at 5–6.) Some FCRA claims are subject to a two-year statute of limitations, 15 U.S.C. § 1681p, and Clark's complaint alleges that he initiated his dispute with Experian and TransUnion on September 8, 2023. (R. 1-1 ¶ 13.) Flagship argues that date is when the two-year statutory period began to run, and because Clark's lawsuit was "filed on October 30, 2025," it must be dismissed. (R. 9 at 5–6.) However, Flagship's notice of removal states that Clark "commenced this action in the Circuit Court of Kendall County, Illinois by filing a complaint on or about July 15, 2025." (R. 1 ¶ 1.) Because neither party discusses whether the operative complaint might relate back to that complaint filed within the two-year limitations period, Fed. R. Civ. P. 15(c), the Court finds dismissal with prejudice on this basis inappropriate at this time.

Date: March 13, 2026

_____
JEREMY C. DANIEL
United States District Judge

3